UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARIA ELENA LEYVA,

    Defendant.
_____/

Case No. 16-cr-20723
Hon. Mark A. Goldsmith

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR NEW TRIAL (Dkt. 165)**

Defendant Maria Elena Leyva was charged with conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. § 846, and attempted possession of a controlled substance with intent to distribute, 21 U.S.C. § 846. See 2d Superseding Indictment (Dkt. 113). At trial, the Government introduced as evidence cell site location information ("CSLI") from three cell phones. The jury returned its verdict on June 7, 2018, finding Leyva guilty on both counts. See Jury Verdict Form (Dkt. 150). Leyva subsequently filed a motion for a new trial (Dkt. 165) in light of the Supreme Court's June 22, 2018 decision, Carpenter v. United States, 138 S. Ct. 2206 (2018), which held that the government must obtain a warrant before acquiring CSLI. For the following reasons, the Court denies Leyva's motion.

**I.    BACKGROUND**

Leyva was charged with conspiracy to possess, and attempted possession of, heroin. At her trial, the Government introduced, among other evidence, location information from three cell phones: one that Leyva had in her possession when she was arrested in October 2016 (the "734-phone"); one that the Government describes as her "longtime personal phone" (the "913-phone");

1

and one that Leyva allegedly used during the March 2016 drug transaction (the "469-phone"). The CSLI evidence showed that the 913-phone and the 734-phone traveled between Detroit and Columbus in late October 2016, and that the 469-phone traveled between Michigan and Texas in spring 2016. The Government used this evidence in an attempt to show that Leyva was participating in a drug-trafficking conspiracy.

The Government obtained the CSLI through court orders pursuant to the Stored Communications Act ("SCA"), 18 U.S.C. § 2703(d), which provides in relevant part:

> A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation.

On June 22, 2018, the Supreme Court held that "an order issued under Section 2703(d) of the Act is not a permissible mechanism for accessing historical cell-site records." Carpenter, 138 S. Ct. at 2221. "[A]n individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI," and therefore "the Government must generally obtain a warrant supported by probable cause before acquiring such records." Id. at 2217, 2221. The showing required under the SCA – "'reasonable grounds' for believing that the records were 'relevant and material to an ongoing investigation'" – "falls well short of the probable cause required for a warrant." Id. at 2221 (quoting 18 U.S.C. § 2703(d)). In so holding, the Supreme Court overruled the Sixth Circuit, which had previously held that the government's collection of business records containing CSLI, pursuant to the SCA, was not a search under the Fourth Amendment. United States v. Carpenter, 819 F.3d 880 (6th Cir. 2016).

Leyva then filed the instant motion pursuant to Federal Rule of Criminal Procedure 33(a), arguing that the CSLI evidence introduced at her trial was inadmissible and, therefore, a new trial is required.

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 33(a) provides that, upon motion of the defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." The burden is on the defendant to demonstrate that a new trial ought to be granted. United States v. Seago, 930 F.2d 482, 488 (6th Cir. 1991); Wright & Miller, 3 Fed. Prac. & Proc. Crim. § 581 (4th ed.). Rule 33's "interest of justice" standard "allows the grant of a new trial where substantial legal error has occurred." United States v. Munoz, 605 F.3d 359, 373 (6th Cir. 2010).

## III. ANALYSIS

The parties do not dispute that the warrantless search of Leyva's cell phone records violated her Fourth Amendment rights.[1] Evidence obtained in violation of an individual's Fourth Amendment rights may be subject to exclusion at trial. However, because "'exclusion exacts a heavy toll on both the judicial system and society at large,' not all violations of the Fourth Amendment result in the exclusion of evidence." United States v. Fisher, 745 F.3d 200, 203 (6th Cir. 2014) (quoting Davis v. United States, 564 U.S. 229, 237 (2011)) (alterations omitted). The exclusionary rule "operates as 'a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved.'" United States v. Leon, 468 U.S. 897, 906 (1984) (quoting United States v. Calandra, 414 U.S. 338, 348 (1974)).

---

[1] Although the Supreme Court's decision was issued after the jury reached its verdict, "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final[.]" Griffith v. Kentucky, 479 U.S. 314, 328 (1987).

3

One exception to the exclusionary rule is the "good-faith" exception, where law enforcement acts in good faith in obtaining evidence that is ultimately found to have been obtained in violation of an individual's constitutional rights. The Supreme Court has "said time and again that the sole purpose of the exclusionary rule is to deter misconduct by law enforcement." Davis, 564 U.S. at 246 (emphasis in original). Thus, in Davis, the Supreme Court held that where the police conducted a search of Davis' vehicle pursuant to then-binding precedent that was later overruled, the exclusionary rule should not bar admission of evidence. The Court noted that "the officers' conduct was in strict compliance with then-binding Circuit law and was not culpable in any way. . . . [T]his acknowledged absence of police culpability dooms Davis's claim." 564 U.S. at 239-240. Similarly, in Illinois v. Krull, 480 U.S. 340, 349 (1987), the Supreme Court found that "application of the exclusionary rule to suppress evidence obtained by an officer acting in objectively reasonable reliance on a statute would have as little deterrent effect on the officer's actions" as would excluding evidence obtained when an officer reasonably relies on a warrant, as in Leon. "Penalizing the officer for the legislature's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." Id. at 350 (alterations omitted).

Here, the Government argues that it relied on the then-valid SCA, as well as the Sixth Circuit's decision in United States v. Carpenter, 819 F.3d 880 (6th Cir. 2016), in obtaining the CSLI for the three cell phones.[2] It contends that the good-faith exception should apply to permit the introduction of this evidence at Leyva's trial. The Court agrees.

---

[2] The Government argues that Leyva has not established her Fourth Amendment interest in the CSLI, and she may not be able to do so for the 469-phone or the 734-phone. "[A] defendant can urge the suppression of evidence in violation of the Fourth Amendment only if that defendant demonstrates that his Fourth Amendment rights were violated by the challenged search or seizure." United States v. Padilla, 508 U.S. 77, 81 (1993) (emphasis in original). Suppression of evidence can only be urged "by those who rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence." Id. at 81-82 (quoting Alderman v.

In the absence of any misconduct, the exclusionary rule should not apply. Many other courts, including those within this circuit, have concluded similarly regarding CSLI. See, e.g., United States v. Chavez, 894 F.3d 593, 608 (4th Cir. 2018) ("While Carpenter is obviously controlling going forward, it can have no effect on Chavez's case. . . . [I]nvestigators in this case reasonably relied on court orders and the Stored Communications Act in obtaining the cell site records."); United States v. Woods, No. 17-20022, 2018 WL 4095037, at **7-8 (E.D. Mich. Aug. 28, 2018) (denying post-Carpenter motion to suppress CSLI due to good faith exception, as "law enforcement relied on the SCA and binding Sixth Circuit precedent"); United States v. Shaw, No. 17-26, 2018 WL 3721363, at *1 (E.D. Ky. Aug. 3, 2018) (denying motion to suppress CSLI because "at the time that the DEA obtained Shaw's cell site location information on July 24, 2017, the law in this Circuit was that the government did not conduct a 'search' for Fourth Amendment purposes by obtaining historical cell site location information," and therefore the good-faith exception to the exclusionary rule applies); United States v. Williams, No. 17-20758, 2018 WL 3659585, at *1 (E.D. Mich. Aug. 2, 2018) (in denying the defendant's motion to suppress CSLI evidence, stating that: "Carpenter creates new law that, going forward, will require investigators to have probable cause to obtain CSLI. However, because the Government had objective good faith belief that its conduct under the SCA was lawful, the CSLI is not subject to the Carpenter pronouncement.").

---

United States, 394 U.S. 165, 171-172 (1969)); see also United States v. Oakes, 320 F. Supp. 3d 956, 961 (M.D. Tenn. 2018) ("Carpenter has not changed that, before Defendant can assert a Fourth Amendment violation, he has to be able to assert a personal connection to the place or object in which he claims a privacy right."). However, the Court need not address this issue, as the good-faith exception allows the introduction of all of the CSLI regardless of Leyva's Fourth Amendment interests therein.

Leyva argues that Carpenter should be applied retroactively to her case, citing Linkletter v. Walker, 381 U.S. 618 (1965) and Griffith v. Kentucky, 479 U.S. 314 (1987). The Court agrees that Carpenter applies retroactively to her case. But the question of whether a constitutional right is retroactive is distinct from the question of whether an individual is entitled to a remedy from any constitutional violation. As the Supreme Court explained in Davis,

> Our retroactivity jurisprudence is concerned with whether, as a categorical matter, a new rule is available on direct review as a potential ground for relief. Retroactive application under Griffith lifts what would otherwise be a categorical bar to obtaining redress for the government's violation of a newly announced constitutional rule. Retroactive application does not, however, determine what "appropriate remedy" (if any) the defendant should obtain. Remedy is a separate, analytically distinct issue. As a result, the retroactive application of a new rule of substantive Fourth Amendment law raises the question whether a suppression remedy applies; it does not answer that question.

Davis, 564 U.S. at 243-244 (citations omitted) (emphases in original).[3] Thus, applying Carpenter retroactively leads the Court to conclude that Leyva's Fourth Amendment rights were violated, but there is no remedy for her because of the good-faith exception.

Finally, Leyva argues that the Carpenter decision was foreshadowed in United States v. Jones, 565 U.S. 400 (2012), where Justice Sotomayor commented in her concurrence that it "may be necessary to reconsider the premises that an individual has no reasonable expectation of privacy in information voluntarily disclosed to third parties." Further, in Riley v. California, 134 S. Ct. 2473 (2014), the Supreme Court held that the contents of a cell phone could not be obtained without a search warrant. Both Jones and Riley pre-date the Sixth Circuit's decision in Carpenter; indeed, the Sixth Circuit considered both of these cases when reaching its conclusion that the SCA

---

[3] The Davis Court referred to the "old retroactivity regime of Linkletter," noting that "[a]s a matter of retroactivity analysis, that approach is no longer applicable." Davis, 564 U.S. at 245 (citing Griffith, 479 U.S. 314). Leyva does not explain why she believes that Linkletter helps her here.

was constitutional. See Carpenter, 819 F.3d at 888-889 ("[T]he government action in this case is very different from the government action in Jones. . . . [T]his is not a GPS-tracking case."); see also id. at 889 (cell phones store "vastly more [information], of course, than whether the user happens to be located within a two-mile radial wedge. Riley only illustrates the core distinction we make here."). If the Sixth Circuit did not read these cases to mean that a warrant was needed to obtain CSLI, law enforcement can hardly be expected to do so.[4]

Accordingly, exclusion of the CSLI is not warranted. The Court need not address the Government's argument that the introduction of CSLI was harmless or invited error.

## IV. CONCLUSION

For the reasons provided, Defendant Maria Elena Leyva's motion for a new trial (Dkt. 165) is DENIED.

SO ORDERED.

Dated: November 26, 2018　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 26, 2018.

　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　Case Manager

---

[4] Leyva also notes in her reply brief that "the issue of Good Faith exception was argued and briefed at the District Court level, as well as the Appellate level. . . . This issue of Good Faith exception was not addressed in the Supreme Court decision [in Carpenter]." Def. Reply at 4 (Dkt. 168). Other than expressing her view that this should be "noted," Leyva does not explain why the Supreme Court's failure to specifically address the issue of the good-faith exception means that this Court should find that it does not apply.

7